IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

RODNEY WAYNE BREWER,

    Plaintiff,

v.                                    Civil Action No. 5:11CV106
                                                                  (STAMP)
MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Procedural History

On November 27, 2007, the plaintiff, Rodney Wayne Brewer, filed an application for Supplemental Security Income ("SSI") benefits alleging disability since January 1, 2007 due to arthritis, chronic pain, knee and arm injuries, headaches, bipolar disorder, anxiety, and sleep disorder. The Social Security Administration denied the plaintiff's application initially and on reconsideration. The plaintiff then filed another application for benefits, alleging disability since April 20, 2009. Again, the Social Security Administration denied his application initially and on reconsideration. The plaintiff requested a hearing, and a hearing was held on October 20, 2010 before an Administrative Law Judge ("ALJ"). At the hearing, the ALJ granted the plaintiff's request to reopen his original November 2007 application.

On January 20, 2011, the ALJ issued a decision finding that the plaintiff was not disabled within the meaning of the Social Security Act. The Appeals Council denied the plaintiff's request for review, rendering the ALJ's decision final. The plaintiff now seeks judicial review pursuant to 42 U.S.C. § 405(g) of the adverse decision of the defendant, the Commissioner of Social Security.

The case was referred to United States Magistrate Judge James E. Seibert for submission of proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Both the plaintiff and the defendant filed motions for summary judgment. On January 20, 2012, the magistrate judge issued a report and recommendation recommending that the defendant's motion for summary judgment be granted and that the plaintiff's motion for summary judgment be denied. Upon submitting his report, Magistrate Judge Seibert informed the parties that if they objected to any portion of his proposed findings of fact and recommendation for disposition, they must file written objections within fourteen days after being served with a copy of the report. Neither party filed objections.

## II.  Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a

magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 458 F. Supp. 825 (E.D. Cal. 1979). In this case, no party filed objections to the report and recommendation, thus, the plaintiff waived his right to appeal from a judgment of this Court based thereon. Thomas v. Arn, 474 U.S. 140, 148-53 (1985). Accordingly, this Court reviews the report and recommendation of the magistrate judge for clear error.

### III. Discussion

In his motion for summary judgment, the plaintiff alleges that the Commissioner erred as a matter of law by finding that he is capable of work that exists in substantial numbers in the national economy. According to the plaintiff, the ALJ failed to adequately include certain limitations in the hypothetical to the vocational expert ("VE"). Specifically, the plaintiff challenges the ALJ's failure to give proper weight to his testimony and the medical evidence regarding his use of a cane. The plaintiff also argues that the Commissioner erred by discounting his credibility without providing specific reasons supported by the evidence in the case record. The plaintiff asserts that the ALJ failed to provide specific, cogent reasons for his unfavorable credibility assessment of the plaintiff.

The defendant, in his motion for summary judgment, counters that the ALJ appropriately omitted the plaintiff's alleged use of

3

a cane from the hypothetical and that the ALJ clearly explained why he discounted the plaintiff's credibility.  According to the defendant, the evidence shows that the plaintiff's cane is not medically necessary.  Also, the defendant contends that the ALJ's decision demonstrates that he fully complied with SSR 96-7 by providing numerous substantiated reasons for his credibility determination.

In his report and recommendation, the magistrate judge found that the plaintiff's need to reply on a cane for ambulatory assistance is not supported by substantial evidence in the record, therefore, the ALJ did not err in failing to include it in the hypothetical posed to the VE.  Second, the magistrate judge found that because substantial evidence supports a finding that the plaintiff's subjective statements were not entirely credible, the ALJ did not err in discounting the plaintiff's credibility.

An ALJ's findings will be upheld if supported by substantial evidence.  See Milburn Colliery Co. v. Hicks, 138 F.3d 524, 528 (4th Cir. 1998).  Substantial evidence is that which a "'reasonable mind might accept as adequate to support a conclusion.'"  Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).  Further, the "'possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence.'"  Sec'y of Labor v. Mutual Mining, Inc., 80

4

F.3d 110, 113 (4th Cir. 1996) (quoting Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966)).

In this case, this Court agrees that the ALJ properly omitted the plaintiff's cane from the hypothetical. Although the plaintiff may have been prescribed a cane, this Court finds that there is other evidence in the record indicating that a cane was not medically required and that the plaintiff did not consistently use a cane to walk. Importantly, the plaintiff did not mention a need to rely on a cane when providing a description of his daily activities during his hearing before the ALJ. This Court also agrees that the plaintiff's testimony was properly discounted by the ALJ. Given the inconsistencies in the record with regard to the plaintiff's statements about the severity of his limitations, his medical history, and his employment history, substantial evidence supports a finding that the plaintiff's statements were not entirely credible.

This Court has reviewed the record, as well as the parties' motions for summary judgment and, for the reasons set forth in the report and recommendation, concurs with the magistrate judge that the ALJ posed a proper hypothetical to the VE and properly evaluated and stated his reasons for his credibility determination. Accordingly, the magistrate judge's report and recommendation is affirmed and adopted.

IV. <u>Conclusion</u>

For the reasons set forth above, this Court finds that the magistrate judge's recommendation is not clearly erroneous and hereby AFFIRMS and ADOPTS the report and recommendation of the magistrate judge. The defendant's motion for summary judgment is GRANTED and the plaintiff's motion for summary judgment is DENIED. It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    February 8, 2012

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE